134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
GROVE FRESH DISTRIBUTORS, INC., an Illinois corporation,
Plaintiff-Appellee,
v.
JOHN LABATT LIMITED, a Canadian corporation; John Labatt,
Inc., a California corporation; Labatt Food Company, a
division of John Labatt Limited; Everfresh, a division of
Labatt Food Company; Everfresh, Inc., a Michigan
corporation, and Everfresh, Inc., a Canadian corporation,
jointly d/b/a Everfresh Juice Co.; American Citrus Products
Corporation, an Illinois corporation d/b/a Home Juice Co.;
Daniel Kotowicki; Albert "Ace" Allen; Charles Jamail; and
Henry Lang, Defendant-Appellees.
 No. 95-2603, 97-1471, 97-2867.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1997*.
Decided Feb. 5, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied May 7, 1998.
 
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 MESSINA.
 
 
 2
 Because this case is a successive appeal, we shall assume a familiarity with the facts set forth in our previous opinion, see Grove Fresh Distributors, Inc. v. Everfresh Juice Company, et al., 24 F.3d 893 (7th Cir.1994), and limit the discussion of facts to those necessary to the resolution of this appeal. John Messina represented Grove Fresh for a substantial period of time during the underlying unfair competition litigation. Grove Fresh filed two related complaints, the first in 1989 and the second in 1990. The 1989 case alleging unfair competition was insulated by a protective order, and the 1990 case alleging a conspiracy to sell adulterated juice and to violate RICO by selling mislabeled products was under a seal and protective order. In response to Mr. Messina's conduct during the course of the litigation, American Citrus Products Corp. and John Labatt Ltd., defendants, jointly petitioned the district court alleging that Mr. Messina violated the protective order and seal and requested a finding of contempt and imposition of sanctions against Mr. Messina. The district court found Mr. Messina in contempt of court for four separate acts of both civil and criminal contempt and in violation of Rule 11 and imposed sanctions. Subsequently, the district court vacated the portion of its judgement which imposed criminal sanctions. Messina now appeals the charges of civil contempt, the Rule 11 sanctions, and the other sanctions imposed.
 
 
 3
 Before addressing the pending appeal, a brief discussion of the first appeal follows. Two separate groups appealed to this Court. One group of consumers who had brought a separate, but related claim against the defendants requested that the protective order be modified so that duplicative discovery would be avoided in its related suit. The other group, the Ad Hoc Coalition of In-Depth Journalists ("Coalition"), was moving to intervene in the 1990 case and requested this Court to vacate the seal and protective orders on the basis that it had the right to have access to the sealed information. We modified the order so that the consumers would have access to particular material to avoid duplicative discovery in the collateral litigation. Additionally, we held that the district court should not have postponed the media's access to the case file once the media had demonstrated that its access had been unjustifiably limited by the protective order. We remanded the case to the district court and asked that the court provide an explanation for its conclusions and reasoning for ordering limited access to the case. Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 898 (7th Cir.1994).
 
 
 4
 The district court had previously entered summary judgment against Grove Fresh in the 1989 unfair competition complaint while settlement negotiations in the 1990 case proceeded contemporaneously with the first appeal. On January 21, 1993, Grove Fresh relieved Mr. Messina of all responsibilities for its cases but did not withdraw the record of appearance for Messina until April 12, 1995. In February of 1993, the parties orally agreed to terms of a settlement but the defendants would not conclusively agree to settle until Mr. Messina also agreed to the settlement and confidentiality provisions of a consulting agreement which were not filed with the court. Thereafter, upon agreed motions to dismiss, the district court dismissed the 1990 case on April 29, 1993. However, there were subsequent problems with the settlement agreement and dismissal of the case. On August 24, 1993, the Everfresh defendants filed a motion to enforce the settlement or for relief from judgment pursuant to Rule 60(b) as a result of Mr. Messina's conduct after the dismissal. When the parties appeared before Judge Zagel, Mr. Messina was not present and the district court ordered him to appear at the next court proceeding. The parties appeared before Judge Zagel at a later date, and Messina again was not present. As a result, the district court ordered the issuance of a rule to show cause.
 
 
 5
 On October 22, 1993, Mr. Messina filed a motion in this Court in which he sought a hearing on perceived allegations of misconduct. This motion revealed the confidential amount of the settlement and confidential information gained through discovery. In this motion, Messina also stated that he was the attorney for Grove Fresh which of course was inappropriate because he had been relieved of his duties in January of 1993. We ordered Messina's motion stricken and also ordered that he show cause as to why he should not be sanctioned for filling a frivolous motion. We then referred this matter to the Illinois Attorney Registration and Disciplinary Commission for further proceedings
 
 
 6
 Thereafter, the defendants jointly petitioned the court for a finding of contempt and other sanctions against Mr. Messina for his actions throughout the litigation. On February 3, 1995, the district court held a hearing to afford Mr. Messina an opportunity to respond to the following charges: (1) that Mr. Messina is in contempt of court for repeatedly violating the protective order and seal of the case by his disclosures of confidential discovery materials in a brief filed in the Seventh Circuit, in a letter to counsel for intervenors, and in a conversation with a reporter for the New York Times; (2) that Mr. Messina is in contempt of court for failing to appear before Judge Zagel when ordered to do so; and (3) that Mr. Messina is subject to Rule 11 sanctions for allegedly making false or misleading representations to this Court regarding his status as Grove Fresh's attorney.
 
 
 7
 The district court found Mr. Messina in contempt of court in four separate instances. For these four acts of civil contempt, he was ordered to compensate the parties for losses incurred, including attorney's fees and costs. For these four acts of criminal contempt, the district court ordered Mr. Messina to pay $1000 to the United States for each of the four instances. Additionally, in light of Mr. Messina's past disregard for court orders, the district court was concerned with future noncompliance and ordered him to post a $50,000 bond for the next five years, emphasizing that any future disclosure without consulting the court first would result in forfeiture of the money. Mr. Messina now appeals the findings of civil contempt, the Rule 11 violation, and the sanctions imposed.[1]
 
 
 8
 As threshold matter, we requested briefing on whether we have jurisdiction to review the seal and protective orders. Mr. Messina asserts that the district court' finding of contempt is not proper because he argues that the seal and protective orders are not valid. Judge Zagel entered a protective order and sealed the case before him so as to prevent disclosure of any confidential material and adverse publicity. Judge Zagel observed Mr. Messina's behavior firsthand and warned him about his inappropriate conduct and attempts to circumvent the protective orders. In his Memorandum Opinion and Order, Judge Zagel thoroughly addressed Mr. Messina's attack against the orders of confidentiality. Judge Zagel discussed the proper scope, constitutionality, and validity of the orders.
 
 
 9
 On appeal, Messina suggests that the district court erred in its interpretation of the orders and argues that they lack legal and factual bases. However, we find nothing inappropriate with the court's judgment. As we previously stated, Judge Zagel's initial failure to articulate his reasoning for ordering the seal and protective order does not automatically translate into a reversal. Grove Fresh, 24 F.3d at 898-99. On remand, we requested that the district court set forth its reasoning, and Judge Zagel has provided ample explanation for his initial decision to enter a protective order and to seal the case. We find absolutely no reason to substitute our judgment for that of the district court, and we are certainly in no position to question Judge Zagel's first hand impressions of Mr. Messina's conduct and the court's motivation for entering the protective order and seal. The district court has sufficiently explained its reasons for entering the seal and protective order. Review of the seal and protective orders is properly within our jurisdiction. As such, we too conclude that the seal and protective orders were valid and constitutional and that Mr. Messina's attempts to attack the validity and constitutionality of the orders must fail.
 
 
 10
 We now turn to Mr. Messina's four acts of civil contempt and his Rule 11 violation. Mr. Messina argues that the district court improperly applied the seal and protective orders as a gag which violated due process and his First Amendment rights. The district court has broad discretion to grant the relief it deems necessary and appropriate. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193, 69 S.Ct. 497, 93 L.Ed. 599 (1949). A determination of contempt requires an order of "reasonable specificity which has been violated." Matter of Betts, 927 F.2d 983, 986 (7th Cir.1991). There are three alleged violations of the orders of confidentiality: (1) disclosures in a brief submitted to this Court; (2) disclosures in a letter to counsel for the Coalition; and (3) disclosures in a conversation with a news reporter. The district court held that these three separate instances each violated the protective orders. It is clear from the record Mr. Messina's repeated actions of disclosure were attempts to leak information to the public. We also conclude that these disclosures violated the order of confidentiality. Accordingly, we affirm the district court's judgment finding Messina in contempt of court for these violations.
 
 
 11
 The fourth instance of contempt of court stems from Mr. Messina's failure to appear in court as ordered by Judge Zagel. Mr. Messina argues that he did not disobey any court order requiring his appearance because there was no written order issued which required him to appear. The fact that the district court did not issue a written order is inconsequential. Although the district court may not have issued a written order requiring Messina to appear, the district court clearly explained that Mr. Messina was to be present at the next court proceeding. In fact, Mr. Messina admitted that he had received notice and had knowledge that Judge Zagel had ordered him to appear. Judge Zagel concluded:
 
 
 12
 After watching him testify, and after reviewing the record, I am convinced beyond any doubt that Mr. Messina had proper notice, fully understood his appearance was required, and knew the reasonable consequences of his actions. I find not only that Mr. Messina's choice not to appear was willful but that it was made in bad faith.
 
 
 13
 Grove Fresh Distributors, Inc. v. John Labatt Ltd., No. 90 C 5009 at 49-50 (N.D. Ill June 13, 1995). Judge Zagel's findings of fact are entitled to great deference, and we find no reason to disrupt his conclusions. Accordingly, we affirm the district court's finding of contempt for Mr. Messina's failure to appear as ordered by the district court.
 
 
 14
 The fifth charge against Mr. Messina stems from the motion he filed with this Court on October 22, 1993 and the misrepresentation of his status as Grove Fresh's attorney. On November 9, 1993, we denied Messina's motion and asked that he show cause, pursuant to Federal Rule of Appellate Procedure 46(c), as to why he should not be sanctioned for filing a frivolous motion. American Citrus then filed a motion in our Court requesting disciplinary action against Messina for his misrepresentations. In an order dated December 14, 1993, we denied American Citrus's motion, holding that "[t]he relief requested is appropriately sought in the district court." The district court then addressed this issue of a Rule 11 violation, among other things, in its judgment. Judge Zagel made three specific findings of fact each of which are independently sanctionable as violations of Rule 11:(1) Messina's claim of attorney status was not well grounded in fact; (2) Messina certified the matter was filed with a proper purpose when it was not; and (3) the filing of his brief was not warranted by existing law. We agree with Judge Zagel's disposition of this matter and the sanctions imposed for Mr. Messina's violation of Rule 11.
 
 
 15
 The final sanction against Mr. Messina involves the district court's judgment that he post a $50,000 bond for the next five years to prevent any future disclosures. The district court possesses substantial discretion to enter an order that is appropriate under the circumstances, and the violation of a prior order justifies a broader remedial order. Madsen v. Women's Health Center, 512 U.S. 753, 770, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994); Scandia Down v. Euroquilt Inc., 772 F.2d 1423, 1432 (7th Cir.1985). Judge Zagel ordered Messina to consult with him first and to provide an independent source for the information before he proceeded to publicly disclose any information pertaining to the suit. If Messina fails to consult Judge Zagel, then forfeiture of the bond is automatic. In reviewing the record and Judge Zagel's findings of fact, we find that there is nothing inappropriate in the district court ordering Messina to post bond. It is clear from the record that Mr. Messina has not hesitated to disregard the district court in the past, and this bond may provide greater incentive for Mr. Messina to adhere to the district court's requests in the future.
 
 
 16
 Next, Mr. Messina argues that the sanctions imposed are improper. After finding Mr. Messina was in contempt of court and had violated Rule 11, the district court held an evidentiary hearing to determine defendants' losses, attorneys' fees, and costs. The district court awarded the defendants $149,554.45 for attorneys' fees and costs expended in prosecuting the contempt charges. There is no indication that the district court abused its discretion in awarding attorneys' fees and costs and no reason to conclude that the monetary award was excessive. Accordingly, we affirm the district court's award of $149,554.45.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. Pro. 34(a); Cir. R. 34(f)
 
 
 [1]
 As previously noted, the district court vacated the criminal contempt, and consequently, we will not address the issue of criminal contempt